UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUSTAVO CONTRERAS, | |
| Petitioner, | 3:14-cv-00435-LRH-WGC |
| vs. | **ORDER** |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Gustavo Contreras, a Nevada prisoner. On December 22, 2014, respondents filed a motion to dismiss certain claims in Contreras's petition, arguing that some the claims are unexhausted, some of the claims are not sufficiently plead for the purposes of Habeas Rule 4, and one of the claims is procedurally defaulted. ECF No. 10. Subsequent to the briefing on that motion, Contreras filed a motion to add an additional exhibit in support of his petition. ECF No. 18. Those two motions are now before the court for decision.

I. PROCEDURAL BACKGROUND

On May 19, 2011, after a jury trial in the state district court for Clark County, Nevada, Contreras was convicted of battery by a prisoner with a deadly weapon. The judgment of conviction was amended on October 19, 2012. He was sentenced under the small habitual criminal statute to 60 to 150 months in the Nevada Department of Corrections (NDOC). On September 12, 2012, the Nevada Supreme Court affirmed his conviction.

///

On April 12, 2013, Contreras filed a state post-conviction petition for a writ of habeas corpus. That petition was denied on June 26, 2013. Contreras appealed. The Nevada Supreme Court affirmed.

Contreras initiated this proceeding by mailing his federal habeas petition on August 5, 2014. In his petition, he pleads ten separate grounds for habeas relief, all alleging ineffective assistance of counsel in his state criminal proceeding.

II. EXHAUSTION

Respondents argue Contreras has failed to exhaust state court remedies for Grounds 8, 9, and 10 of his petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*

2

*Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

In Ground 8, Contreras alleges that he received ineffective assistance of appellate counsel because counsel preserved only one issue on direct appeal (dealing with the alleged destruction of video evidence) and failed to present the ineffective assistance of trial counsel claims now alleged in his federal petition. While he raised some ineffective assistance of appellate counsel claims in his state post-convicting proceeding, Contreras did not raise any claims alleging that appellate counsel was ineffective in failing to raise claims based on ineffective assistance of trial counsel.[1] ECF Nos. 14-7 and 14-8. Thus, Ground 8 is unexhausted.

In Ground 9, Contreras alleges that he received ineffective assistance of trial counsel because counsel failed to locate and present evidence – a "booking summary report" on the victim Christian Contreras – which would have shown that the State knowingly presented false evidence that the victim was not a gang member. Contreras presented this claim and evidence to the Nevada Supreme Court in his state post-conviction proceeding. ECF No. 14-7, p. 23-24, 29. However, because the claim and evidence had not been presented to the lower court, the Nevada Supreme Court "declined to consider them in the first instance." ECF No. 14-8, p. 8 n.2. The presentation of a claim in a procedural context in which it will not be considered by the state court is not a "fair presentation" for purposes of exhaustion. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Thus, Ground 9 is unexhausted.

In Ground 10, Contreras alleges that he received ineffective assistance of trial counsel because counsel failed to locate and present testimony from Christian Contreras's cell-mate, Jason

---

[1] As a general matter, the Nevada Supreme Court will not entertain ineffective assistance of counsel claims on direct appeal. *Pellegrini v. State*, 34 P.3d 519, 535 (Nev. 2001).

3

Scott Spencer. He has not demonstrated that he has presented this claim to the Nevada Supreme Court in any fashion. ECF Nos. 13-6, 13-14, 14-7 and 14-8. Thus, Ground 10 is unexhausted.

### III. INSUFFICIENT PLEADING

Respondents argue that Grounds 1, 2, 6, 7, 8 (in part), and 10 do not meet the pleading standards applicable to claims for habeas relief. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7 (1977) (*citing* Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts entitling the petitioner to relief for each ground specified, with the factual portions of the petition sufficiently detailed to enable the district court to determine, from the face of the petition alone, whether the petition merits further review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).

With respect to Grounds 1, 2, 6, and 7, this court agrees that the claims lack specificity. Even so, respondents' argument goes more to the merits of the claims rather than whether a cognizable habeas claim has been stated. Thus, the claims shall not be dismissed as insufficiently plead. It should be noted, however, that this court's consideration of each claim will be confined to the record before the Nevada Supreme Court at the time that court denied the claim. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Similarly, Grounds 8 and 10[2] are adequately stated so as to merit further review by this court. However, as discussed above, both claims are unexhausted. Thus, under 28 U.S.C. § 2254(b), this court is not permitted to grant relief with respect to either claim.

///
///
///

---

[2] Respondents argument that Contreras has failed to develop the factual basis for Ground 10 has, to some extent, been remedied by Contreras's submission of a purported written statement from Jason Scott Spencer.

4

### IV. PETITIONER'S OPTIONS RE: UNEXHAUSTED CLAIMS

Because the court finds that Contreras's habeas petition is a "mixed petition," containing both exhausted and unexhausted claims, Contreras has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and hold in abeyance his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).  Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### V. PROCEDURAL DEFAULT

Respondents argue that this court is barred from considering Ground 9 because it is procedurally defaulted.  "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991).

As discussed above, the Nevada Supreme Court refused to consider Ground 9 because Contreras failed to first present the claim to the state district court.  Because it is uncertain whether the Nevada courts would entertain a petition properly raising Ground 9, the claim is unexhausted, but not procedurally defaulted. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991) (finding claim unexhausted because "[a]n Arizona court may decide that [state law] does not bar consideration of [petitioner's] unexhausted due process claim and proceed to grant him the relief he has requested").

### VI. MOTION TO ADD ADDITIONAL EXHIBIT

With his motion to add an additional exhibit, Contreras asks leave of the court to include the aforementioned declaration by Jason Scott Spencer among the exhibits submitted with his initial petition. The court sees this as merely a "housekeeping" motion to correct Contreras's inadvertent omission of the exhibit when he filed his petition. On that basis, the motion shall be granted. Whether the proposed exhibit is eventually considered by the court in adjudicating Claim 10 will be governed by *Pinholster* and 28 U.S.C. § 2254(e)(2).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is GRANTED, in part, and DENIED, in part, as follows. Grounds 8, 9, and 10 of the federal petition are unexhausted. The remaining claims are exhausted, not procedurally defaulted, and state a viable claim for habeas relief.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

///

6

1  **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service
2  of respondents' answer in which to file a reply.
3  **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time
4  permitted, this case may be dismissed.
5  **IT IS FURTHER ORDERED** that petitioner's motion to add an additional exhibit (ECF
6  No. 18) is GRANTED under the terms set forth above.
7  DATED this 2nd day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7