UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO CONTRERAS,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

3:14-cv-00435-LRH-WGC

**ORDER**

On June 3, 2015, this court entered an order that granted in part, and denied in part, respondents' motion to dismiss (ECF No. 10). ECF No. 21. Having concluded that petitioner's amended petition contains unexhausted claims (specifically, Grounds 8, 9, and 10), the court gave the petitioner thirty days to either abandon those claims, voluntarily dismiss his petition without prejudice while he pursues exhaustion in state court, or file a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). On July 6, 2015, petitioner filed a motion for stay and abeyance. ECF No. 22. For the reasons that follow, that motion shall be granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

///

///

1  [S]tay and abeyance should be available only in limited circumstances.  Because
2  granting a stay effectively excuses a petitioner's failure to present his claims first to
   the state courts, stay and abeyance is only appropriate when the district court
3  determines there was good cause for the petitioner's failure to exhaust his claims first
   in state court.  Moreover, even if a petitioner had good cause for that failure, the
4  district court would abuse its discretion if it were to grant him a stay when his
   unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application
   for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
5  of the applicant to exhaust the remedies available in the courts of the State").

6   *Rhines*, 544 U.S. at 277.

7   The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a

8   district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his

9   failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that

10  the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

11  Thus, the court may stay a petition containing both exhausted and unexhausted claims if:  (1)

12  the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3)

13  petitioner has not engaged in dilatory litigation tactics.  *Rhine*s, 544 U.S. at 277; *Gonzalez v. Wong*,

14  667 F.3d 965, 977–80 (9th Cir. 2011).  "[G]ood cause turns on whether the petitioner can set forth a

15  reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state

16  court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  "While a bald assertion cannot amount to

17  a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure

18  to exhaust, will." *Id*.  An indication that the standard is not particularly stringent can be found in

19  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's

20  reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good

21  cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U .S. at 278).

22  Here, Contreras contends that his discovery of new evidence should excuse his failure to

23  exhaust his claims in state court.  Contreras was convicted of battery by a prisoner in relation to

24  physical altercation with another prisoner, Christian Contreras (Christian), in the Clark County jail

25  on September 19, 2010.  According to Contreras, his new evidence refutes testimony presented by

26  the State at trial that Christian was not a gang member.

1     Respondents argue that Contreras is not entitled to a stay because Ground 8(a) and 9 are
2 plainly meritless and Contreras has not shown good cause for his failure to exhaust Ground 8(b) and
3 Ground 10.  ECF No. 23.  This court agrees with respect to Grounds 8(a) and 8(b), but concludes that
4 Contreras meets the *Rhines* requirements with respect to Grounds 9 and 10.

5     In Grounds 9 and 10, Contreras alleges that counsel was ineffective in failing to locate
6 evidence that Christian was a member of the Surenos gang (Ground 9) and in failing to interview
7 Christian's cell mate, Jason Scott Spencer[1] (Ground 10).  Respondents argue that the particular item
8 of evidence cited by Contreras in Ground 9 (a booking summary report for Christian) was not
9 available at the time of Contreras' trial, thus it would have been impossible for counsel to locate it.
10 The broader allegation in Ground 9, however, is that the prosecutor possessed evidence that
11 Christian belonged to the Surenos, but nonetheless presented him to the jury as a non-gang member.
12 *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974) ("Pleadings drafted by laymen, proceeding in
13 propria persona, are to be interpreted by the application of less rigid standards than those applicable
14 to formal documents prepared by lawyers.").  The claim is not plainly meritless.

15     As for Ground 10, respondents note that Contreras obtained the declaration from Spencer in
16 September 2013, almost a year before he filed his federal petition, yet failed to file a second state
17 post-conviction proceeding in the interim.  While an earlier state proceeding would have certainly
18 been the more efficient approach, the delay does not, in and of itself, deprive Contreras of good
19 cause for failure to exhaust the claim.  And, given that this is not a capital case, Contreras does not
20 appear to benefit from prolonging collateral proceedings.  *See Rhines*, 544 U.S. at 277-78 (noting
21 that capital petitioners have a reason to intentionally engage in dilatory tactics).

22     Contreras has demonstrated good cause under *Rhines* for failing to exhaust certain claims
23 prior to filing his federal petition.  Because this court concludes that Contreras has satisfied the

---

[1] Contreras has submitted a declaration from Spencer, wherein Spencer indicates that Christian was the aggressor in the altercation with Contreras and that the attack was gang-motivated.  ECF No. 18.

criteria for a stay under *Rhines*, his motion for a stay and abeyance of this federal habeas corpus proceeding shall be granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 22) is GRANTED. This action is STAYED pending exhaustion of petitioner's unexhausted claims.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

Dated this 28th day of October, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE