UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO CONTRERAS,

    Petitioner,

vs.

TIMOTHY FILSON,[1] *et al.*,

    Respondents.

3:14-cv-00435-LRH-WGC

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Gustavo Contreras, a Nevada prisoner. On June 23, 2017, respondents filed a motion to dismiss certain claims in Contreras's petition, arguing that they are procedurally defaulted. ECF No. 37. Also pending before the court is Contreras's motion for leave to file a supplement to his petition. ECF No. 39. The court decides those motions as follows.

1. *Procedural Background*

On May 20, 2011, after a jury trial in the state district court for Clark County, Nevada, Contreras was convicted of battery by a prisoner and sentenced under the small habitual criminal

---

[1] Timothy Filson, current warden of Ely State Prison, is substituted as respondent in place of his predecessor Renee Baker. *See* Fed. R. Civ. P. 25(d) (providing that a public "officer's successor is automatically substituted as a party" when his or her predecessor "ceases to hold office while the action is pending").

statute to 60 to 150 months in the Nevada Department of Corrections (NDOC). On September 12, 2012, the Nevada Supreme Court affirmed his conviction and sentence.

On April 12, 2013, Contreras filed a state post-conviction petition for a writ of habeas corpus. That petition was denied on June 26, 2013. Contreras appealed. The Nevada Supreme Court affirmed.

Contreras initiated this proceeding by mailing his federal habeas petition on August 5, 2014. His petition contains ten separate grounds for habeas relief, all alleging ineffective assistance of counsel in his state criminal proceeding. On October 29, 2015, this court granted Contreras's request to stay these proceeding to allow him to exhaust state court remedies with respect to three claims – Grounds 8, 9, and 10.

Representing that he had concluded state court proceedings, Contreras filed, on April 3, 2017, a motion to reopen federal habeas proceedings. This court granted the motion. Thereafter, the parties filed the motions now before the court for decision.

2. *Procedural Default*

Respondents argue that this court is barred from considering Grounds 8, 9, and 10 because they are procedurally defaulted. "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991).

Contreras presented Grounds 9 and 10 to the Nevada Supreme Court in his most recent state post-conviction proceeding. ECF Nos. 38-1 and 38-6. Respondents note that the Nevada Supreme Court determined that the claims were procedurally barred as untimely and successive.[2] ECF No.

---

[2] Pursuant to Nev. Rev. Stat. § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to Nev. Rev. Stat. § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition.

2

38-7. Respondents further note that, because Contreras failed to present Ground 8, the claim is either (1) unexhausted or (2) technically exhausted, but procedurally defaulted.

Respondents have carried the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Under *Bennett*, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. at 586.

In responding to the motion to dismiss, Contreras does not challenge the independence or adequacy of the state's procedural bars. ECF No. 41. Thus, he has not met his burden under *Bennett*. In addition, there is no reason to suspect that Ground 8 would not also be procedurally barred if Contreras were to present that claim to the Nevada courts. Thus, the claim is technically exhausted, but still subject to the doctrine of procedural default. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991) and *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

While he concedes the procedural default of his claims, Contreras argues the defaults should be excused because he can demonstrate that he is actually innocent. A federal court may consider a habeas petitioner's claims notwithstanding his procedural default if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate a fundamental miscarriage of justice, a petitioner generally must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Schlup v. Delo*, 513 U.S. 298, 323 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

3

The State presented evidence at trial that, on September 19, 2010, petitioner Contreras, an inmate at Clark County Detention Center (CCDC), "sucker punched" another inmate, Christian Contreras, then sliced his head with a sharp object. The State also presented evidence that a third inmate, Matthew Romero, intervened in an effort to stop the altercation. Contreras premises his actual innocence on two documents.

One is a "Booking Summary Report" for Christian Contreras generated by the Nevada Department of Corrections (NDOC) and dated October 2, 2013. ECF No. 16-2, p. 56. Consisting of only one page, the report notes "Sureno" under a heading "gang affiliation." According to petitioner Contreras, the report impeaches Christian Contreras's trial testimony, elicited by the State, that he (Christian Contreras) was not a gang member. He also argues that it supports the defense's theory at trial that Christian Contreras and Romero were the initial aggressors and attacked him for gang-related reasons. In response to this evidence, respondents have submitted a document entitled "Security Threat Identification," also generated by the NDOC and dated May 4, 2012. ECF No. 45-1. That document indicates that Christian Contreras reported that he began "associating" with the Surenos in 2010 while at CCDC, but denied being a "member."

The other document Contreras relies upon as evidence of his actual innocence is a declaration signed by Jason Scott Spencer, who states in the declaration that he was Christian Contreras's cellmate in September 2010. ECF No. ECF No. 18, p. 5-6. According to the declaration, Christian Contreras, who had identified himself as a "Southsider," told Spencer that he was "going to have to jump the dude in 19" because the Southsiders had found out the inmate occupying that cell (presumably petitioner Contreras) was a "Northerner." The declaration further states that, when he emerged from his cell on the morning of September 19, 2010, Spencer observed Christian Contreras and Matthew Romero attacking petitioner Contreras.

Unfortunately for Contreras, these documents are not the type of evidence that the U.S. Supreme Court identified in *Schlup* as new and reliable evidence of actual innocence. *See Schlup*, 513 U.S. at 324 ("To be credible, [an actual innocence] claim requires petitioner to support his

allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Executed three years after the incident in question,[3] Spencer's declaration states that he saw Christian Contreras and Romero attacking petitioner Contreras, but it is ambiguous as to whether he saw how the fight began.[4] To the extent it conflicts with Christian Contreras's testimony with respect to how the fight transpired, the declaration is not sufficient to show that "it is more likely than not that no reasonable juror would have convicted [petitioner] in the light of the new evidence." *Schlup*, 513 U.S. at 327. It is not enough that the new evidence shows the existence of reasonable doubt. *Id.* at 329.

Similarly, the proffered evidence regarding Christian Contreras's gang affiliation also does not exculpate petitioner Contreras in the manner *Schlup* contemplates. For one, the "Booking Summary Report" does not establish that Christian Contreras was lying when he denied being a gang member in his testimony at trial. As evidenced by the "Security Threat Identification" document and other testimony at trial (ECF No. 47, p. 157), he may have been affiliated with a gang without being a member of that gang. In addition, "[n]ew evidence that merely undermines the state's theory of the case but does not rebut specific jury findings of guilt is insufficient to demonstrate actual innocence." *Buckner v. Polk*, 453 F.3d 195, 200 (4th Cir. 2006) (citing *Herrera v. Collins*, 506 U.S. 390, 418–19 (1993)). The finding of guilt in this case did not depend upon the jury believing that Christian Contreras was not involved in a gang.

In summary, Contreras has not rebutted the respondents' argument that Grounds 8, 9, and 10 are barred by the doctrine of procedural default, nor has he established that this court's failure to

---

[3] "[T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence. *Schlup*, 513 U.S. at 332.

[4] Christian Contreras's testimony at trial was that, when he (Christian Contreras) got up after being punched and stabbed, Romero was holding petitioner Contreras against a door, at which point Christian Contreras punched petitioner Contreras several times. ECF No. 47, p. 65-66, 71.

5

consider those claims will result in a fundamental miscarriage of justice. Accordingly, the claims will be dismissed.

3. *Motion to Supplement*

With his motion for leave to file a supplement to his petition, Contreras asks to add allegations to Grounds 1, 2, 9, and 10.[5] Because Grounds 9 and 10 are barred by the doctrine of procedural default, his request is moot as to those two grounds.

As previously noted by this court, Grounds 1 and 2, as plead in Contreras's initial petition, suffer from a lack of specificity. ECF No. 21, p. 4. Both allege claims that were presented in a more detailed fashion in Contreras's first state post-conviction proceeding. ECF No. 14-7. To some extent, his proposed supplement (ECF No. 36) merely places before this court many of the same allegations he presented to the state court. Unable to discern any prejudice to the respondents in allowing the supplement, the court shall grant Contreras's motion with respect to Grounds 1 and 2. It should be noted, however, that this court's consideration of each claim will be governed by *Cullen v. Pinholster*, 563 U.S. 170 (2011) and 28 U.S.C. § 2254(e).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 37) is GRANTED. Grounds 8, 9, and 10 of the petition for writ of habeas corpus (ECF No. 3) are dismissed as procedurally defaulted.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a supplement to his petition (ECF No. 39) is GRANTED in part and DENIED in part. Petitioner is permitted to supplement his petition as proposed (ECF No. 36) with respect to Grounds 1 and 2. Grounds 6 and 7 of the petition are dismissed at petitioner's request. Petitioner's request to supplement Grounds 9 and 10 is denied as moot.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered in which to file an answer to petitioner's remaining grounds for relief. The answer

---

[5] Contreras also indicates that he wishes to abandon Grounds 6 and 7.

6

shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that respondents' motions for extension of time (ECF Nos. 40/42) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED this 14th day of February, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE